UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE ARNOLD MONTIEL,

      Plaintiff,                            Hon. Robert J. Jonker

v.                                           Case No. 1:24-cv-1268

TODD SKINNER, et al.,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action against numerous individuals involved in his state criminal case and employees of the Michigan Department of Corrections. (ECF No. 1). On January 6, 2025, the Court granted Plaintiff's motion to proceed in forma pauperis. (ECF No. 6). The Court also ordered Plaintiff to file a legible complaint within 30 days. (ECF No. 7). Plaintiff has since filed two supplements to his complaint. (ECF Nos. 8 and 9). Because Plaintiff has been permitted to proceed as a pauper, the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that this action be dismissed.

## ANALYSIS

"[A] district court may at any time, *sua sponte*, dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated,

unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).   In addition, a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).   As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).   This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."   If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"   *Id.*  As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere

> possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

The majority of Plaintiff's complaint and supplements is illegible. Plaintiff appears to allege that his underlying state criminal case was fabricated against him. He alleges that someone took a red iPhone out of an evidence locker and broke security protocols, which led to "tampered, edited, fabricated [evidence] and/or possibly mistakenly" a faulty extraction. (ECF No. 1 at PageID.2). Plaintiff then goes on to talk about missing bodycam footage and an evidentiary search of a parked vehicle. He concludes by stating "violations of Const 1, 5, 8, 14 & others . . .". (*Id.* at PageID.6). In hist first supplement, Plaintiff submitted documents showing that he was involved in a fight in jail on July 10, 2023. (ECF No. 8-1). In his second supplement, he identifies five Defendants by name and states that he is suing Defendants in their official capacities. (ECF No. 9). He appears to allege that the PSI writer did not have accurate information. Plaintiff concludes by requesting relief in the amount of $500 billion.

Having reviewed the complaint and supplements, the Court simply cannot discern the nature of Plaintiff's claims or the facts on which such claims are premised. Plaintiff's handwriting is very difficult to read and despite this Court's order, he has not submitted a legible amended complaint. Although the Court has liberally construed the complaint, *see Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999), the Court cannot decipher Plaintiff's rambling allegations. In sum, Plaintiff has failed

to allege facts sufficient to state a claim against any individual or entity. Accordingly, the undersigned recommends that this matter be dismissed for failure to state a claim on which relief may be granted. Furthermore, the attenuated, unsubstantial allegations are insufficient to establish subject matter jurisdiction in this Court.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint, (ECF No. 1), as supplemented (ECF Nos. 8 and 9) be dismissed for failure to state a claim on which relief may be granted. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States,* 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: March 12, 2025                                    /s/ Phillip J. Green
                                                        PHILLIP J. GREEN
                                                        United States Magistrate Judge